IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-JERSEY,

AT JULY TERM, 1848.

---

CAMDEN & AMBOY RAIL ROAD COMPANY v. PETER BRIGGS.

1. The restriction in the 16th Section of the Charter of the Camden and Amboy Railroad and Transportation Company, limiting their charge for the transportation of property to the rate of eight cents per ton per mile, extends and applies to the whole line of communication which they were authorised and incorporated to perfect—that is from the city of New York to the city of Philadelphia. It was not intended to be applied only to the *Rail Road*, and to leave the Company to charge at discretion on their conveyance by water.

2. The Railroad constructed by the United Companies, by virtue of the act of March 15th, 1837, from New Brunswick through Trenton to Bordentown, is subject to the same restrictions as to the rates of transportation thereon, as were imposed by the original charter of the C. & A. R. R. & T. Co.

---

This action was brought by the defendant in *Certiorari* against the plaintiffs before a Justice of the Peace to recover a penalty

406

of $100 under the " act to prevent the taking of unlawful toll cr fare on Canals and Rail Roads," for an alleged violation of law, in charging more than they were authorised to charge for the transportation of certain merchandise from the city of New York to the city of Trenton, by the way of South Amboy and Bordentown. The Justice gave judgment in favor of Briggs, the plaintiff below, which was removed into this court by *Certiorari.*

The facts as agreed upon by the counsel of the respective parties, are these: " On the trial before the Justice the plaintiff below proved, that the defendants on the 29th of January, 1846, charged Briggs & Bacon partners, 96 cents for one box of the weight of 240 lbs. for the transportation of the same from New York by way of the Camden & Amboy Rail Road, to Trenton. That the same was transported by the steam boat of the company from New York to South Amboy, a distance of 30 miles ; thence in the cars of the company, over the company's rail road to Bordentown, a distance of 35 miles ; thence over the company's rail road to Trenton, a distance of 6 miles. The whole distance being 71 miles. And that the said transportation was done by and for the benefit of said company. The bill was paid by the plaintiff to the agent of the company. The Justice gave judgment for the plaintiff below for the penalty of $100 with cost." It is agreed by the parties, that if upon the above state of facts, the plaintiff below was entitled to recover, then the judgment be affirmed, otherwise that it be reversed.

Argued before the CHIEF JUSTICE, and NEVIUS and CARPENTER, JJ.

*Field,* and *S. G. Potts,* for plaintiffs.

*Vroom,* and *W. Halsted,* for defendant.

Opinion of the court delivered by

NEVIUS, J. In this case the only question for the consideration and decision of this Court is, whether the charge made by the plaintiffs in *Certiorari,* is greater than the law authorised them to

make. The plaintiffs do not put themselves on the ground that the charge was made by accident or mistake, or from any miscalculation, but they claim that they had the lawful right to make the charge which they did make. This suit is brought under the " act to prevent the taking of unlawful toll or fare on Canals and Rail Roads," passed the 12th of March, 1839. *Rev. Stat.* 601. This statute imposes a penalty of $100 on any incorporated company in this State, (having by law a right to take toll,) for taking, under any pretence whatever, more than the charge, toll, rates, or fare, allowed by law.

By the 16th Section of the act incorporating The Camden & Amboy R. R. & T. Co., they are authorised to demand and receive tolls for the transportation of *every species of property whatsoever thereon,* as they shall think reasonable and proper : Provided, that they shall not charge more than at the rate of eight cents per ton per mile for the transportation of *every species of property.* If this power to regulate and charge reasonable toll, with its limitation, extends to the whole distance between N. York and Trenton, to wit 71 miles, then the company have in the case before us, charged more than by law they were authorised to charge, and have subjected themselves to the penalty under the act of 1839. But the company contend that this section of their charter, limiting the rate of toll to eight cents per ton per mile for transportation, extends only to the transportation on their *Rail Road,* which terminates at South Amboy, and that they are not restricted in their charges for transportation by water between S. Amboy and New York, or between Bordentown and Trenton, on the Trenton road. And as the charge complained of was a general charge for the whole distance between New York and Trenton, without specifying what proportion was for the water-transportation, and what for the transportation on the Trenton road, it is not apparent that they have charged more than by their charter they were authorised to do. And that in the absence of proof the legal presumption is, that the excess of their charge over 8 cents per mile, was for that part of the distance where they are unrestricted in their rate of charge. Such is the argument of the company, and this presents the question whether their construction of their charter

can be sustained. The plaintiffs were incorporated by act of the Legislature on the 4th of February, 1830, as a Rail Road & Transportation Company, and by their charter were invested " with all powers necessary to perfect an expeditious and complete line of communication from Philadelphia to New York." And it was by their charter made their duty " to provide suitable steam or other vessels at either extremity of their road, for the transportation of passengers and produce from city to city, so that no delay should occur for want thereof." The 16th Section before referred to, gives to the company the right to demand and receive reasonable tolls for the transportation of persons, and *every* species of property whatever, *thereon:* Provided, that for the latter, such tolls shall not exceed the rate of eight cents per ton, per mile. The provisions of this section, taken in connection with the general object of the incorporation, and the whole scope of the charter, are to my mind by no means ambiguous. The only difficulty, (if any there be) in the construction of this section, arises from the word "thereon," which the company construe as applicable only to their Road, and not to the transportation from South Amboy to N. York, in their steam or other vessels. But if this construction is right, then the company have no right or power, by virtue of any *express* provision in their *charter*, to regulate or to demand and receive reasonable tolls, for transporting persons and property in their steam or other vessels. The Legislature surely never intended (after requiring the company to complete the whole line of communication between city and city, by means of steam and other vessels) to limit their right to demand reasonable tolls on a part only of that line. And if the right to demand and receive tolls extends by their charter to the whole distance between city and city, the limitation to that right must be co-extensive with the right itself. The word " thereon " cannot therefore by any fair or legal construction be confined in its application to the road of the company, but extends and applies to the whole line of communication between city and city, which the company by their charter were authorised and required to perfect. Any other construction would defeat the whole object of the limitation. For if the company have discretionary power to charge what they

please for the transportation of persons and property between the extremities of their road and the two cities, it would be idle to limit their charges upon their road for the transportation of such persons or property as may be carried by them from city to city. In the construction of a statute all parts of it are to be taken into consideration, and words are to be so construed (if they will bear it according to the rules of law) as to carry out the manifest intention of the Legislature, and the object of the statute. Upon these rules I think the word *thereon* must be esteemed to apply to the whole line of communication completed by the company between the cities of Philadelphia and New York, and that the company have no right under their charter to charge at a higher rate for the transportation of property than eight cents per ton per mile, whether carried in their boats or in their cars.

It is further insisted by the company that this limitation as to the rate of toll does not extend to the Trenton road, but that they are at liberty to make such charge for transportation of property on that road as they may see fit, and that therefore the judgment below must be reversed. I cannot find the ground for such an interpretation of the law. By the act of 15th March, 1837, the United Delaware & Raritan Canal, & Camden & Amboy R. R. & T. Co's., were authorised to make this Trenton road, and by the 2d section of the law, they were declared subject to all " the provisions, conditions, liabilities, limitations, and restrictions to which they were then subject, under their several acts of incorporation." If I am right in my construction of the 16th section of the charter of the Railroad Company, it will follow, that the limitations in that section apply, and are in express terms extended by the act of 1837, to the Trenton road.

I think the judgment of the Justice below should be affirmed with costs.

The CHIEF JUSTICE and CARPENTER J. concurred.

Judgment affirmed.

AFFIRMED, 2 *Zab.* 623.